UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| MAXINE LYONS, | ) CIVIL ACTION FILE NO. |
| Plaintiff, | ) |
| vs. | ) _____ |
| | ) (Unlawful Debt Collection Practices) |
| GC SERVICES, LP, | ) |
| | ) **JURY TRIAL REQUESTED** |
| Defendant. | ) |

## COMPLAINT

MAXINE LYONS (Plaintiff), by her attorneys, alleges the following against GC SERVICES, LP, (Defendant):

### Nature of the Action

1. Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") and violations of the Georgia Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-390 et seq.

2. The FBPA was passed to protect consumers from unfair or deceptive practices in Georgia. The FBPA shall be liberally construed and applied to promote its underlying purposes and policies, and to grant relief and protection to consumers from unfair or deceptive practices. The FBPA

PLAINTIFF'S COMPLAINT

shall be interpreted and construed consistently with interpretations given by the Federal Trade Commission. O.C.G.A. § 10-1-390 et seq.

3. Any violation of the FDCPA is also construed as a violation of the Federal Trade Commission Act ("the FTC Act"), in accordance with 15 U.S.C. § 1692 et seq., as an "unfair or deceptive act or practice" in violation thereof.

4. Correspondingly, any unfair or deceptive practice amounts to a direct violation of the FBPA, whereby any unfair or deceptive practice shall be construed and interpreted to be in contravention to the FBPA, upon reliance and consistency with the FTC Act.  Any debt collector who fails to comply with the provisions of the FBPA is liable for the trebling of actual and statutory damages incurred as a result of intentional violation of the FDCPA, in accordance with the FBPA. O.C.G.A. § 10-1-399(c).

**Parties**

5. Plaintiff is a natural person residing in Conyers, Rockdale County, Georgia.

6. Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

7. Defendant has its principal place of business located in Houston, Texas and conducts business in Georgia.

8. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. At all times relevant to this Complaint, Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

10. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

11. Because Defendant conducts business in the state of Georgia, personal jurisdiction is established

12. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## Factual Allegations

13. On or around December 22, 2017, Defendant placed a collection call to Plaintiff seeking payment for an alleged consumer debt.

14. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

15. Defendant called Plaintiff's telephone number at (917) 557-38XX

16. On or around December 22, 2017, Defendant called Plaintiff and left a voicemail message on Plaintiff's answering machine.

17. In the voicemail message, Defendant failed to meaningfully disclose the company's name or the nature of the call, or state that the call was from a debt collector.

18. In the voicemail message, Defendant directed Plaintiff to call back telephone number (800) 926-3136, which is a number that belongs to Defendant.

19. In the voicemail message, Defendant failed to disclose the purpose of the call was to collect a debt allegedly owed by Plaintiff.

20. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

## FIRST CAUSE OF ACTION

## DEFENDANT VIOLATED THE FDCPA 15 U.S.C. § 1692 et seq.

21. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-17.

22. Defendant's violations of the FDCPA include, but are not limited to, the following:
    a. Defendant violated §1692(d) of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;
    b. Defendant violated §1692(d)(6) of the FDCPA by placing a telephone call without disclosing his or her identity.

    c. Defendant violated §1692(e) of the FDCPA by engaging in false, deceptive, or misleading representation or means in connection with the debt collection.

    d. Defendant violated §1692(e)(11) of the FDCPA by failing to contain the warning in his communication: This is an attempt to collect a debt… communication is from a debt collector.

## SECOND CAUSE OF ACTION
## DEFENDANT VIOLATED THE GEORGIA FAIR BUSINESS PRACTICES ACT
## O.C.G.A.   § 10-1-390 *et seq.*

23. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

24. Plaintiff is a "consumer" as the term is defined by O.C.G.A. § 10-1-392(6).

25. Plaintiff allegedly incurred a debt as a result of engaging into "consumer transactions" as the term is defined by O.C.G.A. § 10-1-392(10).

26. Defendants' unfair or deceptive acts to collect the Current Alleged Debt occurred in commerce, in violation of O.C.G.A. § 10-1-393(a).

27. Plaintiff suffered mental anguish, emotional distress, and other damages in an amount to be proven at trial.

28. Defendants' failure to comply with these provisions constitutes an unfair or deceptive act under O.C.G.A. § 10-1-393(a) and, as such, Plaintiff is entitled to damages plus reasonable attorneys' fees.

## **CLAIM FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for the following:

(1) Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692k;
(2) Treble damages pursuant to O.C.G.A. § 10-1-393;
(3) Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and
(4) Awarding such other and further relief as may be just, proper and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff Maxine Lyons hereby respectfully requests a trial by jury for all claims and issues in his Complaint to which she is or may be entitled to at a jury trial.

PLAINTIFF'S COMPLAINT

## LOCAL RULE 5.1 CERTIFICATION

Pursuant to Local rule 7.1D, counsel hereby certifies that the foregoing pleading was prepared in Times New Roman, 14 point font in compliance with Local Rule 5.1C.

This 5 day of April, 2018.

                Respectfully submitted,

| | |
|---|---|
| WAKHISI-DOUGLAS, LLC | /s/ Chuck M. Douglas |
| 2002 Summit Blvd – Suite 300 | Chuck M. Douglas |
| Atlanta, GA 30319 | Georgia Bar No. 939932 |
| 404-566-2320 (Phone) | Attorney for the Plaintiff |
| 866-566-1232  (Facsimile) | |
| cmdouglas@wd-law.net | |

PLAINTIFF'S COMPLAINT